IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN DEAN RADFORD, ) <br> ID #23021920, ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> TEXAS BOARD OF PARDON & PAROLE, ) <br> Respondent. ) | No. 3:23-CV-2427-K (BH) <br><br><br> Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this habeas case should be **DISMISSED** without prejudice for failure to prosecute or follow court orders.

### I.   BACKGROUND

After first filing a form for a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, the petitioner (a former detainee of the Dallas County Jail) filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254 on the standard form, which was received on October 30, 2023. (*See* docs. 3-4.) His form § 2254 petition stated that he was challenging a conviction, but he expressly raised non-habeas claims, including negligence, fraud, slander, and defamation. (*See* doc. 3.) On that date, a consent form and a form with instructions for prisoner pro se plaintiffs were mailed to the address he provided. (*See* doc. 2.) The instructions specifically provided that he must notify the Court if his address changed, and that his case could be dismissed if he did not. (*See id.*) By *Notice of Deficiency and Order* dated November 6, 2023, he was ordered to file an amended § 2254 petition on the standard form, and to either pay the $5.00 filing fee for a habeas case or file an application to proceed *in forma pauperis* (IFP) with a certificate of trust

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

fund account statement for the prior six-month period as required by 28 U.S.C. § 1915(a), within 30 days if he wished to pursue habeas relief. (*See* doc. 5.) He was advised that he could only raise habeas claims in a habeas petition, that this action would proceed only as a § 2254 habeas case, and that he must raise any non-habeas claims in a separate civil action and pay the applicable filing fees for such actions. (*See id.*) He was also provided with the appropriate forms for filing a civil non-habeas action and an IFP application in a civil case. (*See id.*) The notice warned that failure to comply with the court's orders could result in a recommendation that his case be dismissed, and the notice and copies of the appropriate forms were mailed to the address provided by the petitioner. (*Id.*) On November 30, 2023, the mailings were returned and marked "Vacant Unable to Forward". (doc. 6.) The petitioner has not filed any notice of a change of address. He also has not filed an amended § 2254 petition raising habeas claims, paid the filing fee, filed an IFP application, or filed anything else in this case.

## II.     INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner failed to file a notice of change of address despite a warning that failure to do so could result in dismissal of the case, and the notice of deficiency and order has been returned as "Vacant Unable to Forward." (*See* doc. 6.) Because the petitioner has provided no means for the Court to contact him or otherwise shown that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

### III. RECOMMENDATION

This habeas case should be **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner pays the filing fee or files a fully completed IFP application with a certificate of inmate trust account within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 7th day of December, 2023.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE